KAREN L. LOEFFLER
United States Attorney

JACK S. SCHMIDT
Assistant U.S. Attorney
Federal Building and U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0402
Fax: (907) 796-0409
E-mail: jack.schmidt@usdoj.gov
AK# 0111074

Attorney's for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:12-cr-00008-TMB-LCL |
| Plaintiff, | ) |
| vs. | ) PLEA AGREEMENT |
| GEMA G. THOMAS, | ) |
| Defendant. | ) |

Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

The defendant agrees to plead guilty to count one of the information in this case. The United States agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charge contained in the information, as more fully set forth in Section V, below. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III, below. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

C.  Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

A.  Charges

1.  The defendant agrees to plead guilty to the following count of the information:

Count 1: Conspiracy to Distribute and to Possess with the Intent to Distribute Methamphetamine, a violation of 21 U.S.C., Sec 846 and 841(a)(1) & (b)(1)(A).

B.  Elements

The elements of the charge(s) to which the defendant is pleading guilty are as follows:

1) Beginning at some exact time unknown, but starting at least in or about July 3, 2012, and continuing until on or about July 7, 2012, there was an agreement between two or more persons to possess methamphetamine with the intent to distribute; and

2) The defendant, GEMA G. THOMAS, became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish

it; and

3) The conspiracy involved 50 or more grams of actual methamphetamine that was reasonably foreseeable to the defendant.

C.  **Factual Basis**

The defendant admits the truth of the allegations in Count I of the information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

Beginning at some time unknown, but starting at least in or about July 3, 2012, and continuing until July 7, 2012, the defendant, Darrell W. DAWSON and Gema G. THOMAS did knowingly and intentionally combine, conspire, confederate, and agree others known and unknown to distribute and to possess with the intent to distribute 158.41 grams of actual methamphetamine.

Sometime prior to July 3, 2012, THOMAS contacted co-conspirators who were sources of supply for the drug conspiracy in Washington and ordered six ounces of methamphetamine for an agreed price of $6,020.00 dollars. THOMAS then deposited $6,020.00 in cash into the bank account of the co-conspirator in Washington as payment. On July 7, 2012, THOMAS' received the methamphetamine via United States Postal Service Express Mail addressed to her business, Peer Amid Beads, Post Office Box 33434, Juneau, Alaska.

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX                Page 4 of 17

SEP-30-2012 09:59AM   FAX:907 586 2266            ID:US ATTY JUNEAU          Case 1:12-cr-00008-TMB   Document 13   Filed 10/15/12   Page 4 of 17

The methamphetamine was subsequently transported to her residence located at Moraine Way. THOMAS opened the package, removed the methamphetamine, and placed the methamphetamine in her Moraine Way home's garage and left the garage door ajar. THOMAS called DAWSON to pick up the methamphetamine. DAWSON arrived on his motorcycle a short time later and retrieved the methamphetamine from THOMAS' garage which was destined for subsequent distribution in the Juneau area.

At the time DAWSON arrived at THOMAS' residence he was in possession of an additional 4.8 grams of methamphetamine on his person which was previously supplied by THOMAS from a prior package containing an additional six ounces of methamphetamine. DAWSON then sold the methamphetamine 'fronted" by THOMAS and paid THOMAS $15,000.00 in drug proceeds as payment for the previous six ounces of methamphetamine. THOMAS used drug proceeds from drug trafficking to pay for her business operating costs and inventory for Bridal Gowns, Formal Wear, and Tuxedo Rentals, located at 213 Seward Street, Juneau, Alaska 99801.

The suspected methamphetamine seized was subsequently sent to the Drug Enforcement Administration, Western Laboratory in San Francisco, California to analyze and confirmed that it was 158.41 grams of actual methamphetamine hydrochloride which was reasonably foreseeable to THOMAS and DAWSON.

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX                    Page 5 of 17

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 1: Conspiracy to Distribute and to Possess with the Intent to Distribute Methamphetamine, a violation of 21 U.S.C., Sec 846 and 841(a)(1) & (b)(1)(A).

1) 10 years (**Mandatory Minimum**) to life imprisonment;

2) a maximum $10,000,000 fine;

3) a $100 mandatory special assessment; and

4) five years (**Mandatory Minimum**) to life of supervised release.

#### 2. Other Matters Affecting Sentence

##### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged

on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as, the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX          Page 7 of 17

E.  Forfeiture

Defendant acknowledges that the following property is subject to forfeiture as proceeds of drug trafficking and property facilitating drug trafficking. As such, defendant's interest, AND ANY AND ALL OF HER HUSBAND Michael Paul Thomas' interest in the following real property are therefore forfeitable to the United States:

1.  All property and inventory of the Bridal Gowns, Formal Wear, and Tuxedo Rentals business located at 213 Seward Street, Juneau, Alaska 99801;

Defendant hereby warrants that the defendant and her husband Michael Paul Thomas are the sole and exclusive owners if the above referenced property, and there are no liens or encumbrances on the above referenced property.

Defendant will not contest the forfeiture of the above referenced property in any judicial forfeiture action by the United States, and will take all steps as requested by the United States to pass clear title to the above referenced property to the United States, including but not limited to, executing documents, and testifying truthfully in any judicial forfeiture proceeding. Michael Paul Thomas will likewise not contest said forfeitures, and will take such appropriate actions as

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX         Page 8 of 17

necessary to effectuate the uncontested judicial forfeiture, and vest clear title in the United States.

### F. Restitution

There is no agreement as to restitution in this case.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. ADVISORY UNITED STATES SENTENCING GUIDELINES

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the

defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations and Agreements

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the

      sentencing phase of this case;

-- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

-- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.    Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

**C.    Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting

conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

## V.  ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea(s) is/are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX          Page 13 of 17

reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, GEMA G. THOMAS, the defendant, affirm this document contains all of the agreements made between me -- with the assistance of my attorney -- and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission.

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX        Page 15 of 17

Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the information.

DATED: 9/29/2012         _____
                         GEMA G. THOMAS
                         Defendant

As counsel for the defendant, I have conveyed all formal plea offers to the defendant. I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 9/29/12           _____
                         JULIE WILLOUGHBY
                         Attorney for Gema G. Thomas
                         9906037

Plea Agreement
U.S. v. Thomas 1:12-cr-000XX        Page 16 of 17

On behalf of the United States, the following accept Gema G. Thomas' offer to plead guilty under the terms of this plea agreement.

DATED: 10/1/12          _____
                        JACK S. SCHMIDT
                        Assistant U.S. Attorney

DATED: 10/1/12          _____
                        KAREN L. LOEFFLER
                        United States Attorney